# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

Pamela Podemski,

    Plaintiff,

  v.

US Bank National Association, as Trustee for Residential Funding Mortgage Products, Inc., Mortgage Asset-Backed Pass-Through Certificates Series 2006-EFC2, and Ocwen Loan Servicing, LLC,

    Defendants.

Case No. 3:16-cv-225 JVB

## OPINION AND ORDER

In 2006, Plaintiff Pamela Podemski bought a home with a mortgage loan that eventually was transferred to Defendant US Bank. She defaulted on her payments two years later and US Bank filed a foreclosure action in the Elkhart Superior Court. The superior court entered judgment against her in 2009. In 2011, the court ordered a sheriff's sale. In 2013, the court of appeals affirmed the superior court.

On July 28, 2015, Plaintiff sent Defendants a notice pursuant to the Truth in Lending Act ("TILA") purporting to rescind the mortgage loan she took out in 2006. The Defendants essentially ignored the notice and took no action against it. A week later, the superior court entered its fifth order of sale. The sale took place on October 28, 2015, with US Bank buying the home.

At the beginning of 2016, the superior court ordered Plaintiff evicted from the property.

A week before the eviction order was entered, Plaintiff sued Defendants in this Court seeking an injunction to halt any action against her in state court in relation to her home. She

1

believes that her rescission notice in 2015 nullified the mortgage when Defendants failed to take any court action against her.

Defendants moved to dismiss this case, and the Court grants that motion.

*********

In the amended complaint, Plaintiff alleges that she sent Defendants a rescission notice on July 28, 2015, which became effective upon Defendants' failure to challenge it in court within twenty days of that date. She therefore maintains that Defendants have conceded that she's entitled to live in the home without any encumbrance of the mortgage. Her argument overlooks two things.

First, she ignores the fact that under TILA, except for circumstances that are not alleged in this case, the right to rescission exists only for three years from "the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f). Here, the purported notice of rescission was sent nine years after the mortgage loan was signed.

Second, Plaintiff ignores the plain language of TILA as to the creditor's duties:

> When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.

15 U.S.C. § 1635(b).

That is, Plaintiff overlooks the fact that the creditor's duties arise only if an obligor has a right to rescind the transaction in the first place. Here, Plaintiff had no right to rescind because that right, if it ever existed, was extinguished once the three-year period for rescission expired. *See*

*Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015) ("[R]ight to rescind does not last forever. Even if a lender never makes the required disclosures, the 'right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first.'"). As such, Plaintiff's amended complaint is based on internet fiction, not the law.

Which brings this matter to a core problem. In filing her lawsuit and seeking the injunctive relief, Plaintiff essentially wants to set aside state court rulings regarding the foreclosure of the property in question, the sheriff's sale, and her eviction. If this Court were to agree with Plaintiff's preposition---wrong as it is---that she properly rescinded the mortgage loan, it would necessarily overrule the Indiana court of appeals and the superior court. This is prohibited by the *Rooker-Feldman* doctrine. *See Epps v. Creditnet, Inc.*, 320 F.3d 756, 759 (7th Cir. 2003) ("The Rooker-Feldman doctrine is a principle of jurisdiction that precludes the lower federal courts from applying appellate review to state court decisions. An action in federal court that alleges an injury 'inextricably intertwined' with a state court decision, such that success in the federal court would require overturning the state court decision, is barred by the Rooker-Feldman doctrine."). For this reason, the Court grants Defendants' motion to dismiss (DE 14) insofar as it lacks jurisdiction over Plaintiff's Amended Complaint.

SO ORDERED on March 30, 2017.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE